[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16356
Non-Argument Calendar

_____

D.C. Docket No. 9:16-cv-81251-RLR


CONRAD SCARRY,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Conrad Scarry appeals the District Court's order dismissing his initial complaint for failing to state a claim for relief and its order denying for futility his motion for leave to amend the complaint.  The initial complaint alleged that Wells Fargo Bank, N.A. ("Wells Fargo") did not adequately respond to Korte & Wortman's request for information under 12 C.F.R. § 1024.36(d)(2)(i)(A) because it failed to provide the telephone number of the entity that owns Scarry's loan.  The proposed amended complaint repeated this claim and added that Wells Fargo also violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by not adequately responding to Scarry's request for information related to loss-mitigation efforts and invoices related to property inspections, violated 12 C.F.R. § 1024.36(d)(1)(i) by failing to investigate the missing phone number, and violated 12 C.F.R. § 1024.36(f)(2) by failing to send a notification of noncompliance.

Loan servicers are not required to provide a loan owner's telephone number under 12 C.F.R. § 1024.36(d)(2)(i)(A).  *Mejia v. Ocwen Loan Servicing, LLC*, — F. App'x —, 2017 WL 3396563 (11th Cir. Aug. 8, 2017).  Nor must they furnish information unrelated to "servicing," like the loss-mitigation and property-inspection information requested here.  *See Hudgins v. Seterus, Inc.*, 192 F. Supp. 3d 1343, 1347–53 (S.D. Fla. 2016).  Accordingly, Wells Fargo had no duty to investigate the information's absence or send a noncompliance notification.

**AFFIRMED.**